UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LORENZO DEJUAN HARRIS,

        Petitioner,                      Case No. 1:22-cv-192

v.                                           Honorable Jane M. Beckering

JAMES SCHIEBNER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (finding that district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concluded that the petition was likely barred by the one-year statute of limitations. Nonetheless, the Court permitted Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

On May 20, 2022, Petitioner filed a response to the order to show cause including a supporting brief and affidavit. (ECF Nos. 13–15.) For the reasons set forth below, Petitioner has failed to demonstrate cause for the tardy filing of his petition. Accordingly, the Court will dismiss the petition with prejudice as untimely.

## Discussion

### I.    Factual Allegations

Petitioner Lorenzo Dejuan Harris is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. On March 22, 2016, following a six-day jury trial in the Wayne County Circuit Court, Petitioner was convicted of multiple offenses, including two counts of involuntary manslaughter, in violation of Mich. Comp. Laws § 750.321, and one count of first-degree fleeing and eluding, in violation of Mich. Comp. Laws § 257.602a(5).

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> The charges against defendant arose out of a police chase that ended in a fatal collision on June 24, 2015, in Detroit, Michigan. The chase began when uniformed police officers in a marked police vehicle signaled for defendant to stop and he fled instead. Officer Fultz testified that the stop was initiated because he observed defendant waiving a semi-automatic handgun while driving.
>
> During his flight from the police, defendant lost control of his vehicle while traveling at a high rate of speed, hitting and killing two small children playing on the sidewalk. His vehicle then left the roadway, drove up onto a residential driveway, and ripped the exterior stairs off an abandoned home. It then overturned a work van that was parked in the residential driveway, pinning three more small children up against a second home. Those three small children sustained life-threatening injuries, but survived.

*People v. Harris*, No. 332769, 2017 WL 4798644, at *1 (Mich. Ct. App. Oct. 24, 2017).

On April 6, 2016, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to multiple concurrent prison terms, including controlling sentences of 30 to 60 years for the involuntary manslaughter and fleeing and eluding convictions. Petitioner's sentences were to be served consecutively to the balance of a 6-month to 10-year sentence for possession of methamphetamine, an offense for which Petitioner was on parole at the time he committed the manslaughter offenses.

On March 3, 2022, Petitioner filed his habeas corpus petition—at least that is the date the petition arrived at the Court. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Under *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008), the date the prisoner signs the document is deemed to be the date of handing to officials. *Id*. at 925 (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)). Petitioner did not date the signature on his petition nor did he indicate the date that he mailed the petition. Nonetheless, Petitioner dated the cover letter he sent with the petition as February 28, 2022. The Court has adopted that date as the petition filing date, giving Petitioner the benefit of the earliest possible filing date.

**II.     Statute of Limitations**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 3, 2018. *People v. Harris*, 909 N.W.2d 248 (Mich. 2018). Petitioner did not petition for certiorari to the United States Supreme Court. (Am. Pet., ECF No. 10, PageID.23.) The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 2, 2018.

Petitioner had one year from July 2, 2018, until July 2, 2019, to file his habeas application. Petitioner filed his application on February 28, 2022. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

### A.     Statutory tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner reports that he filed such a motion in the Wayne County Circuit Court. (Am. Pet., ECF No. 10, PageID.24.) Petitioner does not recall when he filed the motion; however, he recalls that it was denied on July 11, 2019. (*Id.*) The register of actions for Petitioner's criminal case shows that a motion for relief from judgment was filed on February 12, 2019, and denied on July 11, 2019. *People v. Harris*, No. 15-005757-01-FC (Wayne Cnty. Cir. Ct.) Register of Actions, available at https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2480574 (last visited Apr. 23, 2022). Therefore, on February 12, 2019, the running of the period of limitation was tolled. Nonetheless, between July 2, 2018, and February 12, 2019, 225 days ran on Petitioner's period of limitation.

The period remained tolled until the Michigan Supreme Court denied leave to appeal the trial court's denial of Petitioner's motion for relief from judgment on March 30, 2021. *People v. Harris*, 956 N.W.2d 214 (Mich. 2021). The period of limitation ran again from that date and 140 days later, on August 17, 2021, it expired. Six months later, Petitioner commenced this action.

### B.     Equitable tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *Solomon v. United States*, 467 F.3d 928, 933

5

(6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner offers an extraordinary circumstance that prevented raising his habeas claims: an alleged *Brady* violation. Petitioner reports that after his judgment was final, he learned that one of the officers pursuing him had left the force after a threat of disciplinary sanctions for failing to follow department policy with regard to the high-speed pursuit that resulted in the deaths for which Petitioner was convicted. (ECF No. 15-1.) Petitioner contends that the prosecutor failed to provide this information, which may have been exculpatory and was certainly of value for impeachment of the officer's testimony.

Even if the alleged *Brady* violation qualified as an extraordinary circumstance, Petitioner was fully aware of the violation and had the suppressed document in hand during August of 2018. (Pet'r's Aff., ECF No. 15, PageID.56.) As of that date, the prosecutor's alleged suppression of the evidence no longer stood in Petitioner's way. Indeed, Petitioner used the document as the foundation for his subsequent motion for relief from judgment.

Even if Petitioner's period of limitation was tolled until he received the allegedly suppressed document in August of 2018, the tolling would only delay the commencement of the period of limitation for a few weeks—from July 2, 2018, until Petitioner received the document. A few weeks of tolling will not suffice to remedy six months of tardiness. Even if Petitioner received the document on the last day of August 2018, his petition would still be at least four months late.

6

Beyond the alleged *Brady* violation, Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations sufficient to render his petition timely.

C. **Actual innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner suggests that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Even if the pursuing

officers violated department policy in effecting the chase, the jury found that Petitioner drove recklessly, and a violation of pursuit policy would not preclude a determination that Petitioner committed involuntary manslaughter when he lost control of his vehicle and struck the two children playing on the sidewalk. Moreover, the Michigan courts determined that, even if the officers violated department policy regarding pursuits, the policy violation would not excuse Petitioner's attempt to flee and elude the officers. *People v. Harris*, No. 332769, 2017 WL 4798644, at *1–2 (Mich. Ct. App. Oct. 24, 2017). Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from compliance with the statute of limitations under 28 U.S.C. § 2244(d)(1).

### D. Alternative commencement dates

Petitioner's *Brady* claim might also be used as the foundation for a different commencement date for the running of the period of limitation. Under 28 U.S.C. § 2241(d)(1)(B) the period of limitation does not begin to run until a state-created impediment that prevents the filing of the petition is removed. Alternatively, § 2241(d)(1)(D) would delay the commencement of the period of limitation until the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Neither alternative would render the petition timely. Both are merely variations on the equitable tolling argument considered above. Under subparagraph (d)(1)(B) or subparagraph (d)(1)(D), the period of limitation would begin to run during August of 2018 when Petitioner received the report regarding discipline relating to the pursuit that resulted in the deaths of the two children. It would be tolled during the pendency of Petitioner's state-court quest for post-conviction relief. And it would expire months before Petitioner filed his habeas petition.

**III.     Certificate of Appealability**

The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is several months late. Therefore, a certificate of appealability will be denied. Although the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

Petitioner has failed to show cause to excuse the tardy filing of his habeas petition. Therefore, the Court will enter judgment dismissing the petition with prejudice. Moreover, because reasonable jurists could not find it debatable whether Petitioner's petition was timely, the Court will enter an order denying a certificate of appealability.


Dated:     June 21, 2022                                     /s/ Jane M. Beckering
                                                            Jane M. Beckering
                                                            United States District Judge